# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:08cr10-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **SANDRA DENISE LOWRANCE.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Request for Correction of Sentence Based on Criminal History Points." [Doc. 146].

On February 5, 2008, the Defendant was charged in a bill of indictment along with five other co-defendants with engaging in a drug trafficking conspiracy that involved at least 50 grams of cocaine base, commonly known as crack cocaine. [Doc. 1]. The Defendant pled guilty to this charge pursuant to a plea agreement on March 19, 2008. [Doc. 59]. On September 3, 2008, the Defendant was sentenced to 87 months of imprisonment. [Doc. 122]. The Defendant did not appeal her sentence.

The Defendant now moves the Court to recalculate her criminal history points and to reduce her sentence. The Defendant furthers moves

the Court to resentence her "under the 1 to 1 ratio based on the harshness of the increased penalties for cocaine base (crack) offenses." [Doc. 146 at 2].

Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons if certain extraordinary and compelling reasons warrant a reduction; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case.

The Defendant's reference to the "1 to 1 ratio" is presumably a reference to the pending legislation entitled "The Fairness in Cocaine Sentencing Act of 2009," which was approved by the House Judiciary Committee on July 29, 2009. H.R. 3245, 111th Cong. (2009). This bill, if enacted, would "remove references to 'cocaine base' from the U.S. Code,

2

effectively leaving a 1-1 ratio." United States v. Medina, No. 08CR256-L, 2009 WL 2948325, at *2 (S.D. Cal. Sep. 11, 2009). The bill, however, has not been enacted. Id.; United States v. Brooks, No. 07-05-01 Erie, 2009 WL 4927883, at *1 (W.D. Pa. Dec. 21, 2009). "[T]his pending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence." United States v. Brown, No. 07-cr-95-004-P-S, 2009 WL 3837630, at *2 (D. Me. Nov. 17, 2009).

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Request for Correction of Sentence Based on Criminal History Points" [Doc. 146] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 13, 2010

Martin Reidinger
United States District Judge