IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:08cr10-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| SANDRA DENISE LOWRANCE. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Based on 2010 18:1 Crack-Reduction Ratio" [Doc. 150].

On February 5, 2008, the Defendant was charged in a bill of indictment along with five other co-defendants with engaging in a drug trafficking conspiracy that involved at least 50 grams of cocaine base, commonly known as crack cocaine. [Doc. 1]. The Defendant pled guilty to this charge pursuant to a plea agreement on March 19, 2008. [Doc. 59]. On September 3, 2008, the Defendant was sentenced to 87 months of imprisonment. [Doc. 122]. The Defendant did not appeal her sentence.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of her sentence based upon the Fair Sentencing Act of 2010,

which amended the provisions of 21 U.S.C. § 841(b) by increasing the amount of crack cocaine required to trigger mandatory minimum sentences. [Doc. 150].

The Defendant is not entitled to a reduction in her sentence. The Fourth Circuit has held that "the Fair Sentencing Act of 2010 . . . does not apply retroactively." United States v. Nelson, No. 09-4297, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010). Nor does § 3582(c) afford the Defendant any relief. As relevant to the pending motion, § 3582 provides that the Court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(A). There is no amendment listed in subsection (c) that lowers a Guidelines range due to the Fair Sentencing

Act. See United States v. Millhouse, No. 7:04-CR-85-F3, 2010 WL 4338383, at *2 (E.D.N.C. Oct. 22, 2010). As such, § 3582(c)(2) does not serve as a basis to reduce the Defendant's sentence.

For these reasons, the Court concludes that the Defendant is not entitled to a sentence reduction. Nonetheless, because the Sentencing Commission may determine in the future to make the Fair Sentencing Act retroactive, this motion will be denied without prejudice. See Millhouse, 2010 WL 4338383, at *2 n.1.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Based on 2010 18:1 Crack-Reduction Ratio" [Doc. 150] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge