**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00010-MR-3**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **SANDRA DENISE LOWRANCE.** | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence [Doc. 222] filed July 8, 2013.

On July 7, 2011, the Defendant, proceeding *pro se,* filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines with regard to crack cocaine offenses. [Doc. 153]. The Defendant's *pro se* motion was later supplemented by a motion filed by appointed counsel. [Doc. 165]. On February 7, 2012, this Court denied the Defendant's motion, as supplemented. [Doc. 176]. The Fourth Circuit Court of Appeals affirmed this Order on May 31, 2012. [Doc. 201].

On July 8, 2013, the Defendant, once again proceeding *pro se*, filed another motion seeking a reduction of sentence pursuant to 18 U.S.C. §

3582(c)(2) based on Amendment 750 and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). [Doc. 222]. While acknowledging that she was previously denied relief, the Defendant renews her motion based upon the Sixth Circuit's recent decision in United States v. Blewett, Nos. 12-5226, 12-5582, __ F.3d __, 2013 WL 2121945 (6th Cir. May 17, 2013).

In Blewett, the Sixth Circuit granted § 3582(c)(2) relief and applied the FSA to a Defendant who had been originally sentenced prior to the FSA's enactment. Id. at *9. The Fourth Circuit has previously held, however, that "the FSA does not apply retroactively to defendants sentenced prior to its effective date." United States v. Belt, No. 12-8029, 2013 WL 1715577, at *1 (4th Cir. Apr. 22, 2013) (unpublished per curiam) (citing United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S.Ct. 356, 181 L.Ed.2d 225 (2011)). Indeed, following the Supreme Court's decision in Dorsey v. United States, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012), "eight of the nine federal circuit courts … have held that the statutory provisions applicable when the defendant was originally sentenced -- not the statutory provisions in the Fair Sentencing Act -- apply in section 3582(c)(2) proceedings." United States v. Reeves, No. 12-3317,

2013 WL 3155945, at *3 (8th Cir. June 24, 2013) (citing United States v. Kelly, 716 F.3d 180 (5th Cir. 2013); Belt, 2013 WL 1715577, at *1; United States v. Pratt, No. 12-3422, 2013 WL 864464, at *1-2 (3[d] Cir. Mar. 8, 2013) (unpublished per curiam); United States v. Lucero, 713 F.3d 1024, 1027-28 (10th Cir. 2013); United States v. Augustine, 712 F.3d 1290 (9th Cir. 2013); United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013); United States v. Robinson, 697 F.3d 443, 444-45 (7th Cir. 2012); United States v. Humphries, 502 F. App'x 46, 47-48 (2[d] Cir. 2012) (unpublished summary order). Accordingly, the Court concludes that the FSA does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under § 3582(c)(2). Because Defendant was sentenced in September 2008, prior to the FSA's effective date of August 3, 2010, the FSA has no effect on Defendant's mandatory minimum sentence, and therefore Defendant is not entitled to a sentence reduction under the FSA.

For the reasons set forth above, and as stated in the Court's prior Order, the Defendant is not entitled to relief under Amendment 750 and therefore her motion is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion [Doc. 222] is **DENIED**.

**IT IS SO ORDERED.**  Signed: August 12, 2013

Martin Reidinger
United States District Judge